USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
John H. Reddick,

       Plaintiff,

  -against-

Nancy A. Berryhill,

       Defendant.
------------------------------------------------------------x

1:16-cv-9544 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

  Before the Court is the Acting Commissioner of Social Security's motion for remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Commissioner concedes legal error in the Administrative Law Judge's reliance on vocational expert testimony that did not actually support the decision finding Plaintiff John H. Reddick not disabled. Plaintiff does not oppose a remand for further administrative proceedings, but requests that upon remand the Social Security Administration hold a new hearing on an expedited basis, specifically within four months. The Commissioner's motion for remand is granted without setting any time limits.

  Because the parties agree that the decision on review should not stand, the only issue before the Court is whether the Court should order a new hearing on an expedited basis. The remanding court "is vested with equity powers and . . . it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). The Second Circuit has instructed that because "a remand is within the discretion of a district court, the principles calling for some evaluation of relative hardships that govern a discretionary selection of alternative remedies apply, and the

1

hardship to a claimant of further delay should be considered." *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004). Thus, a district court "may when appropriate set a time limit for action by the administrative tribunal, and this is often done." *Zambrana*, 651 F.2d at 844.

Plaintiff chiefly argues that because of his deteriorating physical condition, receipt of minimal public assistance, lack of support, and lack of stable and safe housing, a long delay in the administrative proceedings would result in ongoing hardship to him. However, Plaintiff has not pointed to, and the Court is unaware of, any authority that allows consideration of a plaintiff's personal circumstances in imposing a time constraint on further administrative hearings.

Rather, courts consider whether past delay has been unreasonable where the Administrative Law Judge ("ALJ") has failed to develop the record. *See, e.g., Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) (imposing time limits on remand where "the past delay is of such magnitude—years—that a time limit is imperative") *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). Here, Plaintiff filed his initial application on December 23, 2014, had his ALJ hearing on June 29, 2016, and received a final ALJ decision on July 29, 2016 finding him not disabled, and the Appeals Council's denied his request for review on November 2, 2016. R.[1] at 1-4, 12-23, 55, 180-193. Plaintiff's case was resolved in less than two years; therefore, he has failed to demonstrate that the amount of time it took to adjudicate his claim was unreasonable. *Compare Tomlinson v. Astrue*, No. 11-CV-2477, 2012 WL 346458, at *2 (E.D.N.Y. Feb. 2, 2012) (setting time limit where nearly five years had passed from the initial filing for Social Security benefits); *Dambrowski v. Astrue*, 590 F. Supp. 2d 579, 588 (S.D.N.Y.

---

[1] "R." refers to the pages of the transcript of the administrative record filed by the Commissioner as part of her answer.

2008) (setting time limit to prevent undue delay where "it has been more than five years since plaintiff filed his initial application for benefits"); *Barbour v. Astrue*, 950 F. Supp. 2d 480, 491 (E.D.N.Y. 2013) (setting time limit where plaintiff's claim for Social Security benefits had been pending for seven years); *Cruz v. Colvin*, No. 15 Civ. 1463, 2015 WL 5813158, at *4 (S.D.N.Y. Oct. 6, 2015) (setting time limit where it had been almost six years since the Social Security Administration first denied the plaintiff's application) *with Bell v. Astrue*, No. 09 Civ. 37, 2010 WL 1948209, at *11 (N.D.N.Y. Apr. 27, 2010) (declining to order a new hearing within sixty days where the time between Plaintiff's initial filing for disability in April 2006 and filing of the district court case in January 2009 was not an unreasonable amount of delay), *report and recommendation adopted by* 2010 WL 1948213 (N.D.N.Y. May 14, 2010); *Cabrera v. Astrue*, No. 06 Civ. 9918, 2007 WL 2706276, at *11 (S.D.N.Y. Sept. 18, 2007) (finding time constraints unnecessary where the plaintiff filed her application in 2005 and just over one year had passed since the Commissioner's decision became final in August 2006); *Carlsen v. Berryhill*, No. 16-CV-3538, 2017 WL 4155333, at *16 (E.D.N.Y. Sept. 19, 2017) (rejecting request for an expedited hearing and decision where there was "no evidence of years-long delay" and, despite a seven year procedural history, the ALJ held a hearing and issued a ruling approximately nine months after an initial district court's remand order for further proceedings). Because the past delay is not even close to five years and thus not unreasonable, the Court rejects Plaintiff's request for an expedited hearing.

## CONCLUSION

For the foregoing reasons, Defendant's motion for remand is granted. The case is remanded for further proceedings.

SO ORDERED.

Dated:  November 30, 2017
        New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge